ROY B. DALTON JR., United States District Judge
Before the Court is Defendant Roderick Finnmark Hadley's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. 113 ("Motion ").) Mr. Hadley was found guilty by jury trial in February 2007 of possession with intent to distribute 51.6 grams of crack cocaine under 21 U.S.C. 841(b)(1)(A)(iii) and sentenced to a mandatory minimum of life because of a Section 851 enhancement. He was also designated a career offender. Mr. Hadley was twenty-six years old when sentenced.
Now, after serving 149 months of his life sentence, Mr. Hadley moves to reduce his sentence under the newly enacted First *1044 Step Act, which provides retroactive application of certain sentencing reforms in the 2010 Fair Sentencing Act. (Docs. 100, 107, 113.) The Court appointed counsel to assist Mr. Hadley (Doc. 103, Doc. 113), the United States Probation Office filed a memorandum on the First Step Act's application to Mr. Hadley (Doc. S-108), and the Government responded to the Motion (Doc. 114). The parties agree that Mr. Hadley is eligible under the First Step Act for a reduced sentence but disagree on the appropriate reduction. (Doc. S-108, p. 3; Doc. 113, p. 1; Doc. 114, pp. 3, 6-9.)
Mr. Hadley contends that the First Step Act allows the Court to exercise its discretion and reduce his sentence to time served and 8 years of supervised release as consistent with the Fair Sentencing Act's revised statutory range. (Doc. 113, pp. 3-12.) In response, the Government opposes Mr. Hadley's request for time served and instead submits that Mr. Hadley's sentence should be reduced to 360 months incarceration and 8 years supervised release. (Doc. 114, pp. 3, 6-9.) The Court heard argument where Mr. Hadley was present. (Doc. 118.)
On review, the Court finds Mr. Hadley is eligible for relief under the First Step Act, but he is not entitled to a plenary resentencing. That said, the Court can and does exercise its discretion under the First Step Act to relieve Mr. Hadley of his mandatory life sentence, and to reduce his sentence to time served as provided below.
I. BACKGROUND
A. Mr. Hadley's Conviction and Sentence
Mr. Hadley's offense stems from a controlled purchase set up by a confidential source with the Drug Enforcement Administration to buy crack cocaine from Mr. Hadley on November 6, 2006. (Doc. S-108, ¶¶ 4-9.) That afternoon, Mr. Hadley met with the source at a gas station and sold the source an amount later found to be 51.6 grams of crack cocaine. (Id. ¶¶ 8-9.) Mr. Hadley was arrested two days later (id. ¶ 10) and indicted by a grand jury on November 15, 2006 on one count of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Doc. 10).
The Government filed a 21 U.S.C. § 851 Information on January 9, 2007 identifying three previous possession of cocaine offenses that would subject Mr. Hadley to enhanced punishment if convicted, specifically a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). (Doc. 27.) Mr. Hadley proceeded to jury trial where the Government presented evidence that he possessed 51.6 grams of cocaine base. (Doc. 114, p. 2.) He was found guilty on February 2, 2007 (Doc. 47), and his sentencing took place on April 11, 2007 and June 26, 2007 before U.S. District Judge Patricia C. Fawsett (Docs. 55, 61).
Before his sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR "). (Doc. S-108, pp. 9-36.) The base offense level was 32 under USSG § 2D1.1(c)(4) for offenses involving at least 50 grams but less than 150 grams of cocaine base. (Id. ¶ 15.) There were no adjustments to this base level for acceptance of responsibility, specific offense characteristics, victim related adjustments, for role in the offense, or for obstruction of justice so the total offense level remained 32. (Id. ¶¶ 16-22.) Mr. Hadley was subject to Chapter Four enhancements as a career offender based on two prior felony convictions for crimes of violence-aggravated fleeing and eluding and battery upon a law enforcement officer. (Id. ¶ 23.) So with that enhancement, and because the statutory maximum was life, Mr. Hadley's enhanced offense level became 37 under *1045 USSG § 4B1.1(A). (Id. ¶¶ 23-27.) His criminal history category was VI, based on 21 points and his career offender designation. (Id. ¶¶ 52-55.) With that, his guidelines range was 360 months to life. (Id. ¶ 93.) Ultimately, the PSR concluded that based on the statutory provisions and the Section 851 enhancement, Mr. Hadley's enhanced penalty was mandatory life. (Id. ¶¶ 91-92.)
Mr. Hadley objected to the career offender designation and both the Chapter Four and Section 851 enhancements. (Id. at 35-36 (Addendum).) At sentencing, Mr. Hadley renewed these objections, and the Government presented testimony from fingerprint experts to establish that Mr. Hadley committed the offenses. (Doc. 75, pp. 16-59.) Judge Fawsett agreed with the Government (id. at 73-75), and adopted the factual statements of the PSR and its position on the career offender designation and Section 851 enhancement (id. at 82). That meant a guidelines range of 360 months to life with offense level 37 and criminal history category VI, and enhanced penalty of mandatory life with ten years supervised release. (Id. ) At argument, Mr. Hadley's counsel admitted there was "very little [he] can do at this point" because the Section 851 enhancement called for a "mandatory life sentence" over which Judge Fawsett had no discretion. (Id. at 83:23-84:4.) Judge Fawsett had also ruled Mr. Hadley qualified as a "career offender" with the two prior crimes of violence. (Id. at 84:5-8.) Mr. Hadley chose not to address Judge Fawsett (id. at 83), but Mr. Hadley's mother and girlfriend spoke (id. at 85-86).
Judge Fawsett then summarized Mr. Hadley's background and personal history. (Id. at 87-89.) She concluded her summation by addressing the advisory guideline range, noting the operation of the Section 851 enhancement:
The advisory guideline range is because of the government's request for enhancement and information, a life sentence with ten years of supervised release following that. The sentence is imposed to reflect the seriousness of the offense, provide just punishment for the offense, afford deterrence to criminal conduct, and in this case to protect the public from further crimes of the defendant, as well as to provide educational and other treatment in the correctional sentence. I think that the sentence that is called for here is not disproportionate. This sentence is imposed on other defendants with like records who have committed a like crime.
(Id. at 90:14-24.) Judge Fawsett then pronounced Mr. Hadley's sentence as life in prison with ten years of supervised release. (Id. at 92:13-17.)
B. Mr. Hadley's Appeal and Postconviction Motions
Mr. Hadley filed a notice of appeal (Doc. 65), raising various objections related to trial but also objected to the Section 851 enhancement (Doc. 78, pp. 12-13). Later, Mr. Hadley's counsel filed a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) that he could not in good faith argue any of these issues on appeal and moved to withdraw. (Doc. 78, pp. 12-14.) The U.S. Court of Appeals for the Eleventh Circuit reviewed the record independently and found no arguable issues of merit, so granted the withdrawal motion and affirmed Mr. Hadley's conviction and sentence. (Doc. 82, pp. 2-3.)
Mr. Hadley filed a 28 U.S.C. § 2255 petition raising various constitutional issues that included objections to the Section 851 enhancement. (Docs. 86, 87.) Judge Fawsett denied his petition. (Doc. 88.) Mr. Hadley then sought to modify his sentence *1046 under 18 U.S.C. § 3582(c)(2) after the Fair Sentencing Act was passed based on amendments to the Sentencing Guidelines. (Doc. 90.) Judge Fawsett denied that motion without prejudice because the amendments had not yet taken effect. (Doc. 91.)
In October 2015, the Probation Office prepared an Amendment 782 Memorandum to determine whether Mr. Hadley was eligible for the retroactive 2014 Guidelines Amendment Assessment. (Doc. S-93.) The Probation Office determined that Mr. Hadley was ineligible because he was sentenced at the statutory mandatory minimum. (Id. at 1.) Mr. Hadley's appointed counsel, the Federal Defender, then notified the Court it would not file a motion for sentence reduction under Amendment 782 for Mr. Hadley because his "current sentence is the mandatory minimum required by statute." (Doc. 95, ¶ 4.)
C. First Step Act Motion
Now, Mr. Hadley seeks to reduce his sentence pursuant to the First Step Act of 2018.[1] (Doc. 113.) He asks the Court to give him time served, effective November 15, 2019, followed by a term of 8 years supervised released. (Id. at 1.) If accepted, this would total 156 months incarceration. (Id. at 17.) Mr. Hadley asks for this reduction based on the change in the applicable statutory provisions from the First Step Act's application of the Fair Sentencing Act and the current state of the guidelines that would not result in a career offender enhancement. (Id. at 3, 9-15.) He submits that the Court has broad resentencing authority here to consider all relevant § 3553(a) factors under § 404(b) and 18 U.S.C. § 3582(c)(1)(B). (Id. at 6-9.)
In turn, the Government does not oppose a sentence reduction based on § 404 of the First Step Act, which modifies the statutory penalty range for Mr. Hadley's offense of conviction. (Doc. 114, pp. 2-3.) But the Government asserts that the First Step Act does not provide plenary grounds for a new sentencing of Mr. Hadley as if he committed the offense today. (Id. at 7-8.) Rather, the Government maintains that all of Mr. Hadley's original sentencing determinations apply-the statutory enhanced penalties and his guidelines designation as a career offender-such that Mr. Hadley is not eligible for a time served sentence. (Id. ) This is based on the Government's interpretation of § 404(b)-even though the Court has authority to modify Mr. Hadley's sentence under 18 U.S.C. § 3582(c)(1)(B), the First Step Act only acts to authorize sentence reductions as if the Fair Sentencing Act's statutory penalty provisions were in place at the time of sentencing, nothing more. (Id. at 3-6.) So the Government supports the Probation Office's calculation that Mr. Hadley's total offense level remains 37, criminal history category VI, and guideline range 360 months to life, and asks this Court to reduce Mr. Hadley's sentence to 360 months imprisonment followed by 8 years supervised release. (Id. at 6-7, Doc. 108, pp. 1-3.) The Court held a hearing on June 13, 2019 with Mr. Hadley present. (Doc. 118.) This Order follows.
II. LAW
A. The Fair Sentencing Act of 2010
In 2010, Congress enacted the Fair Sentencing Act "to reform a penalty structure for crack cocaine offenses that was considered by many to be overly harsh and to have a disparate heavy impact on African-American defendants."
*1047 United States v. Simons , 375 F. Supp. 3d 379, 384 (E.D.N.Y. 2019) (first citing Pub. L. 111-20, 124 Stat. 2372 (2010), then citing Dorsey v. United States , 567 U.S. 260, 268, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) ). To that end, the Fair Sentencing Act reduced the sentencing disparity between powder and crack cocaine offenses by increasing the amount of crack needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. See Dorsey , 567 U.S. at 263-64, 132 S.Ct. 2321. Under Section 2, the amount of crack cocaine required to trigger a five-year mandatory minimum was increased from 5 to 28 grams, 21 U.S.C. § 841(b)(1)(B)(iii) ; and the amount required to trigger a ten-year mandatory minimum was increased from 50 to 280 grams, 21 U.S.C. § 841(b)(1)(A)(iii). See Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). And Section 3 eliminated the mandatory minimum for simple possession of crack cocaine. See Pub. L. No. 111-220, § 3, 124 Stat. 2372, 2372 (2010).
Thus, under the Fair Sentencing Act, if the offense involves between 28 and 280 grams of crack cocaine, the sentencing range is 5 to 40 years. 18 U.S.C. § 841(b)(1)(B). If the defendant has a qualifying prior felony under 21 U.S.C. § 851, the mandatory minimum increased to ten years with a maximum of life. Id. But the Fair Sentencing Act's reduced penalty provisions did not apply retroactively. See Dorsey , 567 U.S. at 281, 132 S.Ct. 2321.
B. First Step Act of 2018
Fast forward to 2018 when Congress enacted the First Step Act. Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 404 of the First Step Act makes retroactive the modified statutory penalties of the Fair Sentencing Act by allowing courts to reduce sentences for "covered offenses" imposed before the First Step Act. Pub. Law 115-391, § 404, 132 Stat. 5194, 5222 (2018). Specifically, under Section 404(b):
A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisoners, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.
Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." Id. § 404(a). This relief is discretionary, and subject to two limitations: (1) a court cannot reduce a sentence if the sentence was previously imposed or previously reduced according to the Fair Sentencing Acts amendments in sections 2 and 3; and (2) a court cannot entertain a previous motion made under § 404(b) that was denied after a complete review of the motion on its merits. See id. § 404(c).
III. DISCUSSION
Mr. Hadley is eligible for a reduced sentence under the First Step Act as his conviction for possession with intent to distribute 51.6 grams of crack cocaine under 21 U.S.C. § 841(b)(1)(A) is a "covered offense" and neither limitation under § 404(c) applies. (Doc. 113, p. 9; Doc. 114, p. 3.) Thus, the Court turns to calculating Mr. Hadley's sentence.
A. New Guideline and Statutory Range
Applying the Fair Sentencing Act retroactively to Mr. Hadley, through Section 404(b) of the First Step Act, 51.6 grams of cocaine base would subject him to a mandatory minimum sentence of five years with a mandatory four-year term of supervised release under *1048 21 U.S.C. § 841(b)(1)(B). With the Section 851 enhancement, the mandatory minimum is increased to ten years and supervised release increased to eight years. So applying the First Step Act reduces Mr. Hadley's mandatory minimum sentence from life in prison to ten years.
As for the Sentencing Guidelines, because of Mr. Hadley's career offender designation, § 4B1.1 applies. With the qualifying prior felonies, the maximum statutory sentence is life under 21 U.S.C. § 841(b)(1)(B), so the base offense level is 37. USSG § 4B1.1(b)(1). Mr. Hadley's criminal history category remains VI, so the guidelines imprisonment range is 360 months to life and supervised release range of 8 years. The Court notes this calculation tracks the Probation Office's memorandum. (Doc. S-108.)
B. Parties' Positions
Mr. Hadley argues that this calculation is erroneous because if charged today, neither the Section 851 enhancement nor career offender designation would apply as the offenses underlying those enhancements would no longer qualify. (Doc. 113, pp. 10-15.) If charged today, Mr. Hadley submits that his statutory range would be 5 to 40 years without the Section 851 enhancement. (Id. ) Without the career offender designation, Mr. Hadley's Guidelines range is driven by § 2D1.1, so his base offense level would be 24 with criminal history category VI for a range of 100 to 125 months. (Id. ) Mr. Hadley contends the Court has the discretion and authority to reduce Mr. Hadley's sentence "anywhere between 10 years and life" and a 360-month sentence is "overly harsh and does not serve the public safety." (Id. at 20.) Since Mr. Hadley has served 149 months, he asks for a time served sentence effective November 15, 2019. (Id. at 10-21.) Mr. Hadley points to his social and criminal history that reflects struggles with substance abuse and intellectual deficits, and post-sentencing conduct where he had various disciplinary incidents up until 2015, when his grandmother passed away. (Id. at 15-17.) Her passing had a profound effect on Mr. Hadley and he hasn't had an incident since. (Doc. 113-2.) Mr. Hadley has also taken advantage of educational programs and currently works on "yard detail." (Doc. 113, p. 17.) If released, he hopes to work with his family in landscaping or construction. (Doc. 113-2, p. 2.)
The Government maintains that the Section 851 enhancement and career offender designation still apply to Mr. Hadley and that a sentence below a low-end guidelines sentence of 360 months finds no support in the record. (Doc. 114, pp. 6-7.) The Government points to Mr. Hadley's disciplinary record at the Bureau of Prisons and that Mr. Hadley has no projected release plan because he was sentenced to life. (Id. ) Thus, the Government asks the Court to sentence Mr. Hadley to 360 months' imprisonment followed by 8 years supervised release. (Id. at 9.)
C. Sentence Reduction
The Court will exercise its discretion to reduce Mr. Hadley's sentence. To determine the appropriate reduction, the Court considers the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines, and post-sentencing conduct. See United States v. Boulding , 379 F. Supp. 3d 646, 652-54 (W.D. Mich. 2019) ; United States v. Shelton , Cr. No. 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C., Apr. 15, 2019) ; United States v. Mitchell , Crim. No. 05-110(EGS), 2019 WL 2647571, at *7-8 (D.D.C., June 27, 2019). A court's authority to reduce a sentence under the First Step Act stems from 18 U.S.C. § 3582(c)(1)(B), so the First Step *1049 Act does not entitle a defendant to a plenary resentencing but it also "does not impose any artificial or guideline limits on a reviewing court." Boulding , 379 F. Supp. 3d at 653 (distinguishing First Step Act sentencings from retroactive reductions under 18 U.S.C. § 3582(c)(2) ); cf. United States v. Coleman , 382 F.Supp.3d 851, 857-60, 2019 WL 1877229, at * 6-8 (E.D. Wis. 2019) (collecting and discussing cases finding First Step Act does not entitle defendant to plenary resentencing). "The only limits found in the First Step Act are the statutory minimums of the Fair Sentencing Act's new thresholds." Boulding , 379 F. Supp. 3d at 653. As with any sentencing, the Court's sentencing decision is "anchored by the Guidelines." Peugh v. United States , 569 U.S. 530, 541, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013) ; see also Simons , 375 F. Supp. 3d at 387-389 (first citing United States v. Currie , 739 F.3d 960, 966 (7th Cir. 2014), then citing Peugh , 569 U.S. at 541-44, 133 S.Ct. 2072 ).
As noted above, Mr. Hadley's new statutory range is 10 years to life and his guidelines range is 360 months to life. This drastically differs from the mandatory minimum of life that Mr. Hadley faced when sentenced and Judge Fawsett had no discretion to impose a below-life sentence. (Doc. 75, p. 90:14-24.) Rather, because the statutory penalty structure required the mandatory minimum of life, Judge Fawsett remarked that Mr. Hadley's sentence was not disproportionate-it was "imposed on other defendants with like records who [had] committed a like crime." (Id. ) So at the age of 26, Mr. Hadley entered prison for life.
That penalty structure has since been reformed through the Fair Sentencing Act and made applicable to Mr. Hadley by the First Step Act. See Simons , 375 F. Supp. 3d at 384-86 (citing Dorsey , 567 U.S. at 268-69, 132 S.Ct. 2321 ). 51.6 grams of crack cocaine no longer subjects Mr. Hadley to a mandatory minimum of life. Now, there's a light at the end of the tunnel.
So what reduction is appropriate for Mr. Hadley? The Probation Office correctly calculated Mr. Hadley's statutory range of 10 years to life and guideline range of 360 months to life based on the Section 851 enhancement and career offender designation Mr. Hadley faced when sentenced. Yet if he were charged today, Mr. Hadley would receive neither because the offenses underlying the enhancement and designation no longer qualify. Without those, Mr. Hadley would be an Offense Level 24, Criminal History category VI leading to a guideline range of 100-125 months. Considering the 18 U.S.C. § 3553(a) factors, which includes Mr. Hadley's post-sentencing conduct, a downward variance is warranted. See 18 U.S.C. § 3553(a) ; Pepper v. United States , 562 U.S. 476, 481, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) ; Simons , 375 F. Supp. 3d at 388-89 (reducing sentence to time served considering § 3553(a) and post-sentencing conduct under Pepper ); Mitchell , 2019 WL 2647571, at *7-8 (citing cases and reaching same conclusion). Mr. Hadley is now 38 years old and has served over 149 months in custody. His BOP records reflect some disciplinary history (facing no prospect of release, for which he was sanctioned), but none since 2015. (Doc. 113-1.) He has made efforts to obtain his GED and availed himself of various education courses, such as consumer skills, forklift class, and legal research. (Id. ) He is currently assigned to yard work detail and has received good evaluations. (Id. ) So he has taken strides to better himself while incarcerated, take responsibility for his actions, and learn and grow. He expresses remorse for his actions and sees a future working in landscaping or real estate with his family. (Doc. 113-2.)
*1050 Before his incarceration, Mr. Hadley's history shows a very troubled youth, lack of parental direction and oversight, early involvement with law enforcement, an extensive criminal history, and many arrests for drugs and paraphernalia. (Doc. S-108, ¶¶ 28-87.) He had substance abuse issues and was diagnosed with a learning disability. (Id. ¶¶ 81-83.) Judge Fawsett noted this history when sentencing Mr. Hadley but did not discuss this in the context of a § 3553(a) analysis because she had no discretion to vary downward. (See Doc. 75, pp. 86-90.) This Court does.
Mr. Hadley maintained close relationships with his family while in custody. Like his original sentencing (id. at 85-86), Mr. Hadley's mother testified on his behalf in front of the Court. (Doc. 118.) Mr. Hadley plans to reside with her if released. Mr. Hadley's brother also testified, telling the Court how Mr. Hadley could work at his transportation business if released. (Id. ) Mr. Hadley's aunt was also present. Then Mr. Hadley spoke-he told the Court how affected he was by his grandmother's passing in 2015. (Id. ) She told him before she died to change his behavior and not lose hope that he could be released one day, advising him to keep praying. Her dying was an awakening for him; since then he has stayed out of trouble. He has been drug free for years and expressed interest in taking additional programs to ensure he stays clean. He hopes one day to start his own landscaping business, have a family, and lead a productive life. He is motivated by his mother's age of 68 years old, to give her some good years left, potentially with grandchildren.
Mr. Hadley's sentence is reduced to time served, effective November 15, 2019, with 8 years supervised release. The Court varies downward here because the guidelines range sentence of 360 months is unnecessary to meet the objectives of sentencing. Rather, a sentence of time served is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from further crimes of Mr. Hadley. See 18 U.S.C. § 3553(a)(2). In terms of kinds of sentences available and the guidelines range, Mr. Hadley has served over the 10-year mandatory minimum; and as other courts have varied downward from guidelines sentences or reduced sentences to time served in the First Step Act context, this sentence avoids unwarranted disparities between other defendants. Id. § 3553(a)(3)-(4) ; see, e.g., United States v. Donnell , No. 1:08-cr-24-7, 2019 WL 3073992, at *4 (W.D. Va. July 15, 2019) (varying downward from guideline range 360 to life to time served with career offender designation and § enhancement); United States v. Biggs , Case No. 05 CR 316, 2019 WL 2120226, at *3-4 (N.D. Il. May 15, 2019) (same); Simons , 375 F. Supp. 3d at 388-89 (varying downward and reducing sentence to time served); Mitchell , 2019 WL 2647571, at *7-8 (same); United States v. Anthony , Case No. 6:07-cr-8-1, 2019 WL 2216548, at *2 (W.D. Va. May 22, 2019) (same); United States v. Newton , Case No. 5:02-cr-30020, 2019 WL 1007100, at *5 (W.D. Va. Mar. 1, 2019) (same); United States v. Foreman , Case No. 1:06-cr-30, 2019 WL 3050670, at *7 (W.D. Mich. July 12, 2019) (varying downward); United States v. Vanburen , Case No. 3:00-cr-66-1, 2019 WL 3082725, at *5-6 (W.D. Va. July 15, 2019) (varying downward). Given all these factors, a sentence of time served effective November 15, 2019 is more than sufficient to meet the goals of sentencing for Mr. Hadley.
With a projected November 15, 2019 release date, Mr. Hadley will have adequate time to develop a release plan. He will also be subject to 8 years of supervised *1051 release by the U.S. Probation Office to monitor his return to society. The rest of Mr. Hadley's sentence remains unchanged. The Court will enter an amended judgment reflecting the terms of this Order.
The light shines a bit brighter as the end of tunnel approaches..
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED as follows:
1. The Court exercises its discretion to reduce Defendant Roderick Finnmark Hadley's previously imposed sentence of imprisonment under the First Step Act of 2018.
2. Defendant Roderick Finnmark Hadley's previously imposed sentence of life imprisonment as reflected in the June 27, 2007 Judgment (Doc. 64) is REDUCED TO a sentence of time served effective November 15, 2019, and 8 years supervised released.
3. Defendant Roderick Finnmark Hadley's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 113); Emergency Motion for Correction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ; Amendment 250 and the Fair Sentence Act of 2018 (Doc. 99); and Motion for this Court to Apply the Law to the Facts and Grant him Relief Under Section 404 of the First Step Act of 20018 [sic] as well as Renews his Emergency Motion requesting such (Doc. 107) are GRANTED to the extent specified in this Order.
4. An amended judgment will be entered.
DONE AND ORDERED in Chambers in Orlando, Florida, on July 24, 2019.

Before counsel was appointed, Mr. Hadley filed two pro se motions seeking a reduced sentence under the First Step Act. (Docs. 99, 107.) The Court collapses Mr. Hadley's arguments into the Motion filed by counsel and considers that Motion operative.